IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACKITH WYNN-HOWARD, ET AL., )
      Plaintiffs, )
       )
  v. )
       )
UNITED STEELWORKERS OF )
AMERICA, LOCAL 555T, ) Civil Action No. 06-916
and UNITED STEELWORKERS OF )
AMERICA, INTERNATIONAL )
       )
      Defendants. )

M E M O R A N D U M

Gary L. Lancaster,
District Judge.                              September 30, 2008

The parties are familiar with the history and status of this case. We need only state that on March 19, 2008, the court granted defendants' motion for summary judgment for the reasons set forth in a memorandum filed with the Clerk of Court that same date. Before the court is defendants' motion for attorney's fees and costs [document #53]. Upon careful review of the pleadings in the case, as well as the motions and the briefs filed in support and opposition thereto, the motion for attorneys' fees and costs will be denied.

42 U.S.C. § 1988(b) provides: In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983 ... Title VI of the Civil Rights Act of 1964 ... the court, in its discretion, may allow the prevailing party, other than the United

1

States, a reasonable attorney's fee as part of the costs. Courts have the discretion to award attorney's fees to prevailing defendants, as well as plaintiffs, under this statute. See Yaron v. Township of Northampton, 1991 WL 137167 (E.D. Pa. July 18, 1991), vacated in part, 963 F.2d 33 (3d Cir. 1992); Lacy v. General Elec. Co., 558 F. Supp. 277 (E.D. Pa. 1982), aff'd, 786 F.2d 1147 (3d Cir. 1986). The standard articulated by the courts for an award to a prevailing defendant, however, is that attorney's fees may be awarded to the prevailing defendant only when the claim was "frivolous, unreasonable or without foundation." Yaron, 1991 WL 137167, at *5 (E.D. Pa. July 18, 1991) (citing Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412 (1978)). Courts have described this standard as "stringent." Id.

The parties' briefs focus primarily on the basis for summary judgment granted in the case. We believe, however, that misses the mark. As stated, the standard for awarding defendant attorney's fees is not simply whether the case was or should have been dismissed at summary judgment. The issue is whether the claim was "frivolous, unreasonable or without foundation." Yaron, 1991 WL 137167 at 15.

2

Although plaintiffs' claims were of marginal validity and were based on questionable legal theories, given the record in this case as a whole, we cannot find, as a matter of law, that the claims were frivolous to the point of justifying attorney's fees. The motion for attorney's fees and costs is denied. Defendant's request for Record Bill of Costs should be processed through the Clerk of Court.

BY THE COURT:

_____, J.

cc: All Counsel of Record